# CHARLESTON

## HAWKINS v. CONNER.

Submitted October 27, 1914.    Decided December 8, 1914.

1. INJUNCTION—*Restraining Trespass—Defenses.*

    An answer which, when reasonably construed, evinces reliance on an easement by prescription, fully sustained by proof, as a defense to a bill to restrain a trespass on the servient lands, will be deemed sufficient, though it uses terms importing both a public and a private easement. (p. 223).

2. EASEMENTS—*Adverse Use—Presumptions.*

    Continuous and uninterrupted use of a private way for ten years or more, with knowledge of the owner of the land, is presumptive evidence of claim of right to the easement and of the adverse character of the use; and the presumption will be deemed conclusive, unless it is shown that the use was permissive or that the owner protested and objected thereto. (p. 223).

Appeal from Circuit Court, Marshall County.

Bill by Thomas Z. G. Hawkins against James C. Conner. Decree for plaintiff, and defendant appeals.

*Decree Reversed, and Bill Dismissed.*

*J. Howard Holt,* for appellant.

*D. B. Evans,* for appellee.

LYNCH, JUDGE:

The plaintiff Hawkins acquired title to the lands owned by him in Marshall county in 1899. They are traversed by a county road, known as the Roberts Ridge Road. At that time defendant Conner owned an adjoining tract, located half a mile distant from the county road. He and his predecessors in title since the year 1837 had access to the road only over the lands owned by plaintiff, to restrain the further enjoyment of which this suit was brought. From the decree granting the relief prayed, Conner appealed.

As appears from the opinion made part of appellee's brief, the sole reason assigned for the award of the injunctive process was variance between the averments of the answer and the proof introduced to support them. Conceding want of perspicuity and definite averment of reliance upon a way of necessity or prescription, and the use of terms importing a highway lawfully established by a competent legal tribunal and maintained as a charge upon the county treasury, other averments, when fairly interpreted, indicate an intent to claim a private easement over plaintiff's lands. Though the road or way is denominated a "public highway" or "a public road", the answer couples the use and enjoyment of the easement with proprietary rights in defendant's lands. Because "defendant says that he and those claiming under him have thus traveled the said road (the way over plaintiff's lands) for twenty years last past; and defendant says that the said road has been thus traveled as a public road by the different owners and occupiers of the farm now owned by the defendant, and that such travel has been free and without let or hindrance for seventy-five years last past. Defendant, further answering, says that this defendant has not, nor has any one under him, traveled any other road near the lands described than the one public way leading to the defendant's home, nor has defendant traveled over plaintiff's land", the evident purpose of the concluding phrase being a denial of plaintiff's averment of trespass by defendant outside of the

way used by the latter. While, as observed, the answer does not explicitly limit the defense to the existence of a private easement, it does manifest reliance on a claim of a way by prescription; and, when fairly interpreted, it does aver a user and enjoyment by the proprietors of defendant's lands of an easement during a period of more than fifty years prior to the acquisition of plaintiff's title.

The proof abundantly sustains the averments of the answer, when so interpreted. Plaintiff's muniments of title show the existence of the way at the date of his purchase. He acquired title through the heirs of George B. Manning. The way in controversy served as a boundary line between two subdivisions of the Manning farm. The deeds therefor to plaintiff call for "the north gate post at the head of Conner's lane; thence with the meanders of the center line of said lane'', giving the courses and distances, to defendant's boundary, though not specifically naming it. Clearly, the way in question then was and for many years prior to 1899, the date of these conveyances, had been demarked and delimited by fences, that on one side still remaining, though the other has in part been allowed to lapse into decay. Not only so; but plaintiff's predecessors built and maintained the fences, and kept them in repair. They were standing and the way was open and used by defendant and his grantors before and at the time of plaintiff's purchase in 1899. Because of the fencing, the public, open, unobstructed and constant enjoyment of the lane by defendant and other owners, its well defined and obviously public use without complaint or molestation by plaintiff at the time and since he acquired title, he must then have had knowledge that defendant asserted some legal claim of right to an exit from his lands to the public highway. But, with this knowledge or means of knowledge, plaintiff did not until immediately prior to the institution of this proceeding in 1911, nearly twelve years after his purchase, deny or seek to obstruct defendant's use and enjoyment of the lane. Not only did defendant openly and without interruption from any source exercise the right of passage over plaintiff's lands before and since 1899, but he and those under whom he claims had in like manner since

1837 continuously exercised and enjoyed the same right. However unfortunate and annoying private easements may eventually become, or expensive their maintenance, they can not, when rightfully obtained, be destroyed arbitrarily by the owner of the servient estate or by the injunctive process of the courts.  Their acquirement, however, whether by grant, prescription or necessity, entails no greater hardship than rights acquired by virtue of the statute of limitations for entry upon real estate in the hostile adversary possession of another.

Though in his bill plaintiff charges that the right to use his lands for exit to the public highway began by his permission, he offered not the slightest proof to support that averment.  Evidently, he could not, and hence did not attempt to introduce himself or any other witness to sustain it.  When and how the right began, no witness said.  It was exercised, as clearly appears, prior to 1837, and continuously from that date to the present time.

While an easement of way may be acquired in a much shorter period of time, here it began and has existed without restraint or hindrance during more than three fourths of a century.  Besides, since he acquired title plaintiff has acquiesced in defendant's use.  He showed him the limits within which he might improve the road-bed.  This he did not deny. On the contrary, he conceded the truth of defendant's evidence to that effect.  Indeed, plaintiff established no substantial basis for the relief granted by the decree complained of.  In the main, the argument in his behalf is confined to a discussion of a variance between the averments of defendant's answer and the proof in support of it.  He virtually concedes the sufficiency of the testimony to support a private easement, but argues that the answer shows reliance on a highway opened and maintained by public authority; wherefore, as he contends, an affirmance of the decree should follow.  To that contention we do not agree.  The facts alleged and proved warrant a different conclusion.  While citation of authority seems unnecessary, the following cases fully sustain the defense asserted in defendant's answer.

"Open and public use of an easement for more than twenty years, unexplained, will be presumed to be under a claim of

right, and adverse." *Rogerson* v. *Shepherd,* 33 W. Va. 307; *Lucas* v. *Turnpike Co.,* 36 W. Va. 427; *Boyd* v. *Woolwine,* 40 W. Va. 283; *Wooldridge* v. *Coughlin,* 46 W. Va. 345. While in these cases the duration of the user exceeded ten years, the limitation period prescribed for the maturity of title to land by adverse possession, the true rule is that ten years' public and uninterrupted use and enjoyment of an easement, with the knowledge and acquiescence of the owner, becomes evidence of a prescriptive right thereto, and, unless he objects or protests, the presumption is that the way is used under a claim of right and that the owner knows and acquiesces in such claim and use thereunder. *Walton* v. *Knight,* 62 W. Va. 223. In Virginia, such use continued openly, exclusively and without interruption for more than twenty years will, where. the evidence does not show the contrary, be presumed to have had its origin in a grant by some owner of the servient tenement. *Williams* v. *Green,* 111 Va. 205; 14 Cyc. 1145.

These authorities require reversal of the decree pronounced November 9, 1912, dissolution of the injunction thereby awarded, and dismissal of plaintiff's bill, with costs to appellant.

*Decree Reversed, and Bill Dismissed.*