# CHARLESTON.

## J. K. STAGGERS v. L. H. HINES.

Submitted September 26, 1920.    Decided September 28, 1920.

1. EASEMENTS—*Continuous Notorious Use of Private Right of Way, Acquiesced in, is Presumptively Adverse.*

   Open, continuous and notorious use by an owner of land, of a private way over an adjoining tract of land owned by another person, known, acquiesced in, unobjected to and unprotested by the latter, is presumptively adverse to him, and enjoyed under a *bona fide* claim of right.    (p. 68).

2. SAME—*Known Continuous Use of Private Right of Way for Statutory Period Gives Easement by Prescription.*

   Such use for the period prescribed by the statute limiting rights of action for the recovery of land, in the absence of proof of circumstances altering its character, ripens into perfect title by prescription to an easement over the adjoining land.    (p. 68).

87 W. Va.

3. SAME—*Change in Use of Private Right of Way at Protest of Owner Does Not Change Character.*

    A mere protest, by the owner of the land over which the way passes, against a particular mode of use, respected by the person using it, does not change its character. (p. 68).

4. SAME—*Temporary Objection to Public Use of Private Right of Way Held Not to Alter Character of Use.*

    A protest against or objection to use of the way by the general public, manifested by a temporary obstruction of the use, not operative against the owner of the dominant estate, and abandoned in favor of those using the way, does not alter the character of the use. (p. 68).

5. SAME—*Right of Way Acquired by Prescription Can be Used Only as Used During the Prescription Period.*

    A private way acquired by prescription is not necessarily unlimited as to the character of the use that can be made of it; and the owner of the dominant estate may use it only for such purposes and in such manner as have been fixed and determined by the use made of it during the period of prescription. (p. 70).

(WILLIAMS, PRESIDENT, absent.)

Appeal from Circuit Court, Mineral County.

Suit by J. K. Staggers against L. H. Hines to establish a right of way appurtenant. From a decree dissolving an injunction forbidding the obstruction of a road over defendant's land, by which plaintiff claimed to use as a right appurtenant and reserving a right to reinstate the injunction, plaintiff appeals. *Reversed, preliminary injunction reinstated.*

W. C. Grimes, for appellant.
Taylor Morrison, for appellee.

POFFENBARGER, JUDGE:

The decree complained of dissolved an injunction inhibiting obstruction of a road across the defendant's land, which the plaintiff claims right to use as a way appurtenant to his land, adjudged lack of right in him to the use of the road as an outlet to the land he still owns, continued the cause as to another tract he owned at the institution of the suit, but sold and conveyed to a third party pending the suit, and ordered notice

to be given to the purchaser of the pendency of the suit, reserving right to reinstate the injunction for his protection and finally to adjudge his right to the way in question, if established.

At the date of the institution of the suit, the plaintiff owned two tracts of land, one containing 300 acres, the title to which came through John Triplett, and the other containing 230 acres which had been a part of a larger tract owned by the heirs of Okey Johnson. The 300-acre Triplett tract had adjoined the Johnson land, and a road, a part of which is here involved, ran from the Triplett land across the Johnson land to a public road known as the Patterson Creek Pike. On January 1, 1900, the Johnson heirs executed two deeds, by one of which they conveyed 154½ acres of their land lying next to the Patterson Creek Pike, to James B. Reese, and, by the other, 664 acres lying back of the Rees tract, to John W. Bailey, who conveyed 330 acres of his purchase, lying next to the Triplett land, to Mary M. Wilt. After her death, two of her three heirs conveyed 100 acres of it to the third heir, Angie Hickle. Mary M. Wilt seems also to have acquired the Triplett 300-acre tract. By a deed dated, May 18, 1918, Thos. J. Wilt, Floyd M. Wilt and Angie Hickle, heirs of Mary M. Wilt, conveyed the Triplett land and 230 acres of the Bailey purchase to the plaintiff, J. K. Staggers. There were some previous conveyances of some of these lands among the Wilts, which it is unnecessary to trace here. James B. Reese conveyed his purchase to the defendant, L. H. Hines by a deed dated, Feby. 27, 1911. Bailey still owns 334 acres of his purchase lying between the Staggers land and the Hines land.

The road in question has been in existence for a period of time extending beyond the memory of any witness who testified in the cause, one of whom was 75 years old and another 80. It seems to have been once a public road and to have been abandoned as such, at some time in the 50's. After the abandonment, everybody used it, as occasion required. John J. Triplett used it, while he owned the 300-acre tract. It passed through the large Okey Johnson tract divided between Bailey and Reese, Jany. 1, 1900. After the Wilts obtained the Trip-

lett land, they used it, and Bailey makes use of it. There can be no doubt as to the sufficiency of the length of the user.

Staggers, the plaintiff, now owns part of the Bailey land, formerly Okey Johnson land. When the Johnson land was divided, this road leading directly out to a public highway, was presumptively known to Bailey and Reese. Although there is another outlet for the Bailey land, through lands of F. M. Brown and I. P. Carskadon, which seems not to pass over any part of the Hines tract, and which would also give access to the Triplett 300-acre tract through the Bailey land, the apparent road over the Johnson tract, at the date of the division, would sustain the plaintiff's claim, under principles declared in *Scott* v. *Moore,* 98 Va. 668, and possibly, under the holding in *Johnson* v. *Gould,* 60 W. Va. 84. On the division, there would be both dominant and servient estates. No doubt that relation characterizes every easement appurtenant or appendant, but division of a tract of land subject to a burden such as a road, between two or more persons, creates separate estates capable of assuming and sustaining the relation. Nor does it matter in such a case, that only the owner and his tenants or employees ordinarily used the road. However, as we are of the opinion that the plaintiff is entitled to the easement he claims by prescription, if not otherwise, we leave this question open.

The principal defenses against the claim of a way acquired by prescription are alleged lack of use under a *bona fide* claim of right and permission of the use by the defendant and his predecessors in title. As in most cases, there was use without declaration of right. Sufficiency of such use, with knowledge of the owner of the land, acquiesced in, unobjected and unprotested by him, as proof of use under a *bona fide* claim of right, has been repeatedly held. *Roberts* v. *Ward,* 85 W. Va. 474, 102 S. E. 96; *Walton* v. *Knight,* 62 W. Va. 223; *Wooldridge* v. *Coughlin,* 46 W. Va. 345. An obvious corollary of this is that mere silence or lack of objection on the part of the owner does not amount to a grant of permission to use the way, precluding adverse character in the user. *Roberts* v. *Ward,* cited.

Triplett used the road over the Johnson land from about

1888, until 1905, without permission and without objection. During a great portion of this period Johnson lived on his land near the road and had knowledge of Triplett's use of it. His general use of it was never objected to. There may have been an objection to his hauling lumber or ties over it in wet weather, on the ground of tendency to injure the road, which he may have respected, but this at most was an objection merely to the mode of use on a particular occasion. It did not amount to an objection to ordinary and reasonable use which continued without protest, objection or express permission as long as he occupied the 300-acre tract. The Wilts succeeded him in ownership and they and their tenants used the road in connection with that land and their part of the Bailey land in the same way. Thomas J. Wilt says Hines, about three years before the date on which his testimony was taken, voluntarily gave him permission to haul lumber over the road, under which he never acted, but he had previously used it as of right. Floyd Wilt says he used the road with the knowledge of Hines and without objection. Albert Hickle, husband of one of the Wilt heirs, used it without objection and as of right.

Reese claims in his testimony, that about two or three years before he sold the land to Hines, he endeavored to prevent use of the road by locking the gates and keeping them locked for about a year, but that the locks were either broken or taken off and he finally desisted from the effort and arranged the gates for convenient use. In this, however, he did not interrupt Bailey to whom he gave a key. · Bailey had previously used the road without permission, with Reese's knowledge and without objection and continued to do so. He says Reese, although he locked the gates, "never pretended to stop" people from going through. Reese says he never made any special attempt to prevent anybody from going through. Bailey denies that he ever claimed right to use the road, but the fact is, as shown by his own testimony, that he used it as of right. Reese says he withdrew his objection, if the locking of the gates amounted to an objection, and acquiesced in the right asserted by his neighbors. He never in any way objected to Bailey's use of the road nor granted him any permission to use it. The only thing Bailey

ever requested was permission to repair a bridge on the road, which was readily granted. Hines, the defendant never at any time objected to the use by Bailey, the Wilts or anybody else, until Staggers expressly claimed right to use the road. Nobody requested permission, everybody used the road, he knew it and he made no objection.

Upon this state of facts, we are of the opinion that the plaintiff is entitled to the way in question, as one acquired by prescription, and that it is appurtenant to both of the tracts of land he owned at the date of the institution of this suit.

The easement he has, however, may not be an unlimited or unrestricted one. This controversy apparently grew out of the manner and the extent of the use to which the plaintiff attempted to subject the road. He used it without objection as long as his use thereof was deemed by the defendant to be reasonable and fair. Later, it seems he attempted to put heavy teams and vehicles on it in the hauling of lumber in wet weather, and, when the defendant protested against such use, a claim of absolute right was made, whereupon the validity of that claim was denied and the gates locked. It is not at all clear from the evidence, that the way was formerly used for anything more than light, ordinary, agricultural travel and transportation, and there is uncontradicted evidence that Okey Johnson, in his time, would not permit the hauling of timber and lumber over the road in wet weather.

It is well settled that a way acquired by prescription has its limitations. If acquired for one purpose, it cannot be broadened or diverted to another; and its character and extent are ascertainable and determinable by the use made of it during the period of prescription. Jones on Easements, sec. 292; *Richardson* v. *Pond,* 15 Gray 387; *Ballard* v. *Dyson,* 1 Taun. 279; *Cowling* v. *Higginson,* 4 M. & W. 254; *Parks* v. *Bishop,* 120 Mass. 340; *Am. Bank Note Co.* v. *N. Y. El. R. Co.,* 129 N. Y. 252.

The issue actually developed and tried has been one as to the existence of any easement. There has been no effort accurately to define the character and extent of the right the plaintiff has. In view of this state of the record, a final decree

ought not now to be entered, but the decree complained of will have to be reversed, because it denies to the plaintiff any right at all.

There was no occasion for a continuance of the cause, nor for making R. R. Nethken, to whom Staggers conveyed the 300 acre tract of land, a party to it. He is a *pendente lite* purchaser and will be bound by any decree that may be entered whether it be for or against his grantor. *Dudley* v. *Barrett*, 66 W. Va. 363, 374, citing quite a number of precedents. The court should have entered a decree in favor of the plaintiff.

For the reasons stated, the decree complained of will be reversed, the injunction preliminarily awarded on the bill reinstated, in so far and only so far as it inhibits obstruction of ordinary use of the road in question, plaintiff's right to a way by prescription over defendant's land, on the location in the bill and proceedings mentioned, subject to right in the defendant to maintain gates across it, adjudged and decreed, and the cause remanded for ascertainment of the character and extent of the use that may be made of the road and for a final decree.

*Reversed, preliminary injunction reinstated.*