# CHARLESTON.

ALDA FOREMAN *et al.* v. TONY GREENBURG *et al.*

Submitted April 5, 1921.    Decided April 12, 1921.

1. EASEMENTS—*Use By Land Owner of Private Way Over Adjoining Tract of Another Jointly with Him Held Presumptively Adverse.*

    Open, continuous, and notorious use by an owner of land of a private way over an adjoining tract owned by another person, known, acquiesced in, unobjected to, and unprotested

by the latter, is presumptively adverse to him and enjoyed under a bona fide claim of right, even though the way is used jointly by both owners as a common outlet from their properties.  (p. 379).

2.  SAME—*Use of Private Way Over Another for* 10 *Years Held to Give Title by Prescription.*

Such use for a period of ten years, in the absence of proof of circumstances altering its character, ripens into perfect title to an easement over the adjoining land by prescription. (p. 379).

3.  SAME—*Way Through Enclosed Lands Obstructed by Gates Presumptively Private Way; Claimant of Way Through Inclosed Lands Need Only Prove Open, Notorious, and Known User to Establish Easement Therein.*

A way through inclosed lands, burdened or obstructed by gates or bars, is presumptively a private way, notwithstanding its use to some extent by the general public, and the claimant of the way, as a private one appurtenant to his land, is not required to prove some act indicative of an independent assertion of right, beyond that shown by his open, notorious and known user, in order to establish or maintain the easement.  (p. 379).

4.  SAME—*Extent of Easement by Prescription Determined by Extent of User.*

When an easement has been acquired by prescription, the extent of the right so acquired is measured and determined by the extent of the user out of which it originated.  (p. 381).

Appeal from Circuit Court, Wood County.

Suit by Alda Foreman and others against Tony Greenburg and others  Decree for complainants, and defendant named appeals.

*Affirmed.*

*William Beard,* for appellant.
*Turner & Brennan,* for appellees.

LYNCH, JUDGE:

The reasons assigned in the petition of the defendant in the suit for reversal of the decree granting the prayer of the bill are:  The refusal to sustain the demurrer to the bill; the adjudication of an indefeasible title by prescription to an easement of way over defendant's land; and if any such right existed, the establishment of one having a width sufficient

to allow passage thereon of two vehicles moving in opposite directions. As summarized by appellant in his brief, "there is but one question involved" upon this hearing, "and that is whether the appellee's claim to a right of way by prescription has been made to appear;" and again, "the exact question here is, Can a permissive use of a road over land of one of two owners of adjoining farms, using the right of way jointly as a common outlet, ever ripen into an easement by prescription?" This, he says, "is a fair statement of the appellees' claim to the use of the roadway. It simply takes as true the allegation of the appellees' bill." If this summarization comprehends the issues, it necessarily prescribes the limit of this discussion. Beyond this limitation the investigation need not proceed. Appellant has voluntarily and it is presumed advisedly assailed the decree at what he apparently deemed its most vulnerable point.

The land owned by Mrs. Foreman, one of the plaintiffs, she acquired by descent from her father, John Small, and he from the heirs of Reuben Spencer by deed, and Spencer from Joseph T. Leavitt, also by deed in 1848. The Small land adjoins the land of appellant, the title to which he acquired from the same remote source, though it did not vest in him until the year 1909 by deed of Mrs. Cottingham Their familiarity with the surrounding circumstances qualified them to speak intelligently and accurately respecting the existence of the controverted roadway, as they saw and knew it many years before appellant's purchase of the tract owned by him. The road was where it now is, they say, when they first became acquainted with Small and Whitlatch. They knew its location and the constant use made of it during the time of the proprietorship of the successive owners after Spencer, whom they did not know and never saw. Their testimony was unshaken when tested by cross-examination, and there was no other attempt to impeach their veracity or contradict their testimony. Besides, the witnesses who spoke for appellant fully and completely corroborate the facts proved by appellees respecting the long and uninterrupted user of the easement through Greenburg's land. The statement of appellant himself is emphatic upon that question, and by his testimony he

confirms the existence of the roadway and its continuous enjoyment by both parties, occasionally by others, whose convenience it served in reaching the nearest public highway. It cannot therefore be said that the effort to establish the continued existence and use of the roadway for the requisite 10-year period necessary under the holdings of this court has failed.

The road in question extends for part of its length along the common line of both properties and for the remainder of the distance on appellant's land. Both tracts are inclosed and the road itself burdened or obstructed by gates or bars and has been used in that condition for many years. Presumptively therefore it is a private way. *Roberts* v *Ward,* 85 W. Va. 474. As in most cases of this character, there is no proof that express permission to use it was ever requested by or granted to appellees, but they and their predecessors in title have used it for more than fifty years, with the acquiescence of the defendant and those through whom he derived his title, and without any objection on the part of any of them until the year 1919, when a dispute arose with respect to a stile over the common fence. What appellant relies on as constituting grants of permission amounted to no more than mere acquiescence and silence on the part of the owners of the servient tract. User of such character is presumptively adverse to the servient owner and enjoyed under a bona fide claim of right, and when continued for a period of ten years, in the absence of circumstances altering its character, ripens into perfect title to an easement by prescription. *Roberts* v. *Ward,* 85 W. Va. 474; *Staggers* v. *Hines,* 87 W. Va. 65, 104 S. E. 768; see also *Walton* v. *Knight,* 62 W. Va. 223; *Hawkins* v. *Conner,* 75 W. Va. 220.

But appellant insists that as he also has used the way, when necessary and convenient, as a means of access to and from various portions of his farm for agricultural and other like purposes, and jointly with appellees as an outlet to the county road, such promiscuous user precludes appellees from setting up a right of way adverse to him; in other words, that a joint use excludes the possibility of acquiring an easement by prescription under an adverse claim of right. In response to such

objection it is sufficient to say that so long as no objection was offered on the part of appellant or his predecessors in title, there was no occasion for appellees to assert verbally a right to use the road. ''In the absence of proof to the contrary, every trip over the road was an assertion of right. The user itself for the statutory period of time, ten years, established prima facie a bona fide claim of right.'' *Roberts* v. *Ward,* cited. Appellees and their predecessors made no request, so far as the record discloses, for permission to use the way, and received none, but continued to use it without objection and with the owner's silent acquiescence. Being a private way or road, every trip over it, therefore, whether on foot, by horse, or wagon, must have been and was under claim of right and necessarily adverse to appellant. *Pavey* v. *Vance,* 56 Oh. St. 162. Indeed, Whitlatch is shown to have recognized on one or more occasions Small's right to pass over the way during their ownership of the adjoining tracts. The cases cited fully sustain the principles upon which our conclusions rest, and repetition of the arguments therein advanced can serve no useful purpose. They fully answer the objection urged against the acquisition of an easement by prescription when the way is used in common by the claimant and owner of the land over which it passes.

Though appellant's right of ownership of the tract is now subject to the dominant right of appellees to use the way across it, yet the former may enjoy the benefit of his land and of the road, notwithstanding the right of the latter therein. The only restriction imposed in such cases is that the use of the servient owner must be reasonable and such as will not impair or injure the easement or interfere with its enjoyment by the dominant owner. 19 C. J. tit. Easements, § 226. And the latter should recognize and respect the corresponding rights of the servient owner, by exercising reasonable care in his use of the road so as not to injure or interfere with the due enjoyment and cultivation of the property over which the road extends, closing after him the gates which have long been in use for the purpose of preventing the trespass or straying of cattle and other animals.

That part of the decree requiring the way so acquired by

prescription to be of a width sufficient to permit the passage of two vehicles moving in opposite directions seems not to be unreasonable when considered in the light of the evidence. When an easement has been acquired in such manner, the extent of the right so acquired is measured and determined by the extent of the user out of which it originated. *Rogerson* v. *Shepherd,* 33 W. Va. 307, 317; *Staggers* v. *Hines,* 87 W. Va. 65, 104 S. E. 768; *District of Columbia* v. *Robinson,* 180 U.S. 92; *Board* v. *N. & W. Ry Co.,* 119 Va. 763; 19 C. J. 967. In 1 Elliott, Roads & Streets (3d. Ed.), § 193, the author says: ''If the right to the way depends solely upon user, then the width of the way or the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user.'' The testimony shows that the width of one of the gates was 10 feet, 8 inches, and since it presumptively bore a ·close relation to the width of the roadway, the court not unreasonably could designate and define the prescriptive width as it did.

Finding no substantial error, we afirm the decree.

*Affirmed.*