# CHARLESTON.

## H. T. McNEIL v. J. B. KENNEDY.

### Submitted April 19, 1921. Decided April 26, 1921.

1. EASEMENTS—*In Suit Against a Servient Owner to Restrain Obstructions in a Way, Other Servient Owners, Against Whom No Relief Sought, Not Proper Parties.*

   In a suit to enjoin and remove obstructions in a right of way by one of the servient owners, other servient owners through whose lands the road runs and against whom no complaints are made or relief sought, are not necessary or proper parties to the suit. (p. 526).

2. SAME—*Where Dominant Owner Has No Other Outlet to Public Road, Equity May Enjoin Obstruction in the Way.*

   Where the dominant owner of the land to which such way is appurtenant has no other outlet to the public road, the law, as a general rule, will furnish no adequate remedy, and equity will take jurisdiction to enjoin obstructions therein. (p. 527).

3. SAME—*Dominant Owner May Restrain Obstructions in a Way, Although Also Used by Others.*

   Although the servient owners of other lands through which such road or way runs and the public in general may use the same, the use thereof by the dominant owner of the way is none the less exclusive, if his rights are in no way dependent on the rights of others, and equity has jurisdiction at his suit to enjoin obstructions therein. (p. 528).

4.  Same—*Purchase by Dominant Owner of Lands Through Which
    Right of Way Runs Held Not to Extinguish His Rights to
    Other Portions Thereof.*

    Although such road or right of way runs partly through
    other land of the dominant owner, his subsequent purchase
    of the land constituting the dominant estate and the vesting
    of the lesser in the greater estate covering that part of the
    way, will not extinguish his rights in the other portions of
    the way and deprive him of his use thereof.   (p. 529).

5.  Same—*Use of Road by Owner of Dominant Estate for Trans-
    portation to and From His Other Lands Abutting on Public
    Road Held Not in Position of Additional Burden on Ser-
    vient Estate.*

    The facts that the purchaser of the land constituting the
    dominant estate makes use of such way or road for trans-
    porting farm implements, etc., including cattle and other ani-
    mals, to and from his other lands abutting on the public road,
    will not constitute the imposition of an additional burden
    on the servient estate nor extinguish the rights of such domi-
    nant owner.   (p. 530).

6.  Same—*Use of Detour by Dominant Owner Held Not to Ex-
    tinguish His Rights.*

    Nor will the use by such dominant owner of a detour
    in such road around a swamp or mudhole extinguish or affect
    his right to the use of the way.   (p. 530).

7.  Same—*Temporary Obstruction of One Right of Way by Domi-
    nant Owner Held Not to Prevent Injunction by Him to Pro-
    tect His Way Appurtenant to Other Lands.*

    The fact that such dominant owner may have temporarily
    obstructed another way through other lands belonging to him
    and over which he and other land owners may occasionally
    travel, will not prevent him from protecting his rights by
    injunction in the use of another way appurtenant to other
    lands.   (p. 531).

Appeal from Circuit Court, Monroe County.

Suit by H. T. McNeil against J. B. Kennedy.   Decree for
plaintiff, and defendant appeals.

*Affirmed.*

*R. L. Clark,* for appellant.

*Jno. L. Rowan,* for appellee.

88 W. Va.

Miller, Judge:

The decree below overruled defendants demurrer to the bill, and in accordance with the prayer for relief, adjudged, ordered and decreed that the temporary injunction there-tofore granted, inhibiting and restraining defendant J. B. Kennedy, his agents and all others from in anywise molesting or interfering with plaintiff in the use of a certain right of way from the lands of plaintiff on the southwest side of Flat Top Mountain, in Wolf Creek District, Monroe County, and passing through the lands of said J. B. Kennedy and others to the public road leading from Sinks Grove to Alderson, in said county, fully described on a plat filed with the bill, be and the same was thereby perpetuated, in so far only as said plat sets forth the old and original roadbed or right of way, but not to apply to the new roadbed recently made and traveled through the lands of said defendant, but to said old roadbed and right of way only.

And it was further decreed, that as plaintiff did not object, defendant might maintain drawbars or gates across said right of way at the points where he had placed the obstructions complained of, but not so as to obstruct the use thereof as theretofore by said plaintiff.

The first point of error relied on by defendant to reverse the decree is that the court below should have sustained his demurrer to the bill; first, because of the absence of necessary parties, namely, H. Y. Kennedy, R. O. Burdett and J. W. McNeil, through whose respective tracts, as well as that of defendant, said right of way runs to said public road; second, that plaintiff has a complete and adequate remedy at law for damages, the bill, it is claimed, showing no irreparable injury; third, that the right of way claimed is not alleged to be an exclusive right, not existing and depending on the rights of others or of the public in general.

Responding to the first of these propositions, namely, want of necessary parties, the bill makes no allegations against the absent parties; nothing is alleged against them, if present, upon which to base any relief; they are not alleged to be obstructing the right of way; according to the bill the

defendant is doing that, and he for his acts, and not for others, is liable to the injunctive process for invading plaintiff's rights. The fact that said right of way runs through their lands, as well as that of defendant, does not make them necessary parties. Plaintiff is seeking not to have a right of way established through anybody's lands; the bill refers to and alleges a right of way established and existing for more than ten years, appurtenant to plaintiff's land, by prescription and user, which defendant is alleged to be obstructing and in which he is sought to be enjoined. In general, only those persons who are interested in the thing sought, the very object of the suit, its subject matter, and whose interests are opposed to those of the plaintiff, are necessary parties. 10 Enc. Dig. Va. & W. Va. Reports, 739. In Barton's Chancery Practice, 133-138, it is said ''that no one should be made a defendant against whom there can be no decree or relief granted in the suit.'' On the allegations of the bill, what relief could be granted against the persons suggested as necessary parties. Plaintiff's rights are independent of theirs. His rights may be, and so far as the bill shows, wholly independent of theirs, either as owners of the lands or as users of the right of way. In the case of *Rogerson* v. *Shepherd,* 33 W. Va. 307, it was held that one similarly situated to plaintiff with respect to the right of way here involved, had the right by injunction to compel an intervening owner guilty of an obstruction, to remove the same and to restore the way through his lands. So our conclusion is that the bill is not defective in point of parties defendant.

On the second point of demurrer, adequate remedy at law, contrary to the contention of defendant, the bill does allege great and irreparable injury by the obstruction sought to be enjoined; wherefore the alleged want of sufficient averment of irreparable injury is without merit.

But does the law furnish plaintiff an adequate remedy for the wrong complained of? According to the bill his land lies back of that of defendant; and without access to the public road he would be completely cut off, except by the permission of others to use some other passway, much less

certain and greatly inferior to the one in use, and of doubtful right.

The third point of demurrer, namely, want of allegation of exclusive right in plaintiff of the way obstructed, is equally without justification in point of law. Such rights of way in the dominant owner is not affected by the fact that others or even the public may also have similar rights in such way, if his right be exclusive in the sense that no one else may lawfully oppose him in that right. *Boyd* v. *Woolwine,* 40 W. Va. 282, 285; *Staggers* v. *Hines,* 87 W. Va. 65, 104 S. E. 768. The case of *Reid* v. *Garnett,* 101 Va. 47, cited in support of this proposition does not sustain the position of defendant's counsel. On the contrary it is rather in accord with our decisions. It is true as we have said of our own cases, that the right of plaintiff must exist independently of the rights of others or of the public. The facts alleged in the present bill make out such a case of individual right.

The demurrer having been properly overruled, we have yet to consider the case upon its merits as made by pleadings and proofs. It is alleged that the land of plaintiff constituting the dominant estate consists of 125 acres acquired by him about five years prior to this suit, from J. H. A. Miller and wife, who had owned the same for above twenty years prior to conveying it to plaintiff; that Miller had acquired the land from his father, who had owned the same for about thirty-five years; and plaintiff alleges that he is the owner of said right of way, and that he and those under whom he claims had been in continuous possession of said land for at least forty years next prior to the institution of this suit, and had used said way for traveling, hauling, walking and riding, continuously, uninterruptedly and adversely, with the knowledge and acquiescence of the owners through whose lands the same passes, without any obstruction or permission of anyone, that it is the only practical way plaintiff has from his land to the public road aforesaid; that neither the defendant nor any of the servient owners has previously denied plaintiff's right to travel said road, or obstructed the same until the acts of the defendant complained of in

the present bill.     The bill in these averments and others makes out a clear case of right of way by prescription, and the evidence taken and filed in the cause fairly supports the allegations of the bill.

There is some evidence showing or tending to show that during the existence of said way some or all of the servient owners through whose lands the way runs have also made use of the same; also that it has been some times traveled by the public in general.  But it is clearly shown that the rights of the plaintiff and of those under whom he claims do not depend upon the rights of the other owners, nor of the rights of the public to travel over the same.  His rights extend back for a long period of years, not acquired by permission of the servient owners, but by continuous, adverse and unobstructed use thereof under a claim of right.  There was no pretense on the part of defendant to show permissive use thereof by plaintiff by anyone.  So that plaintiff's right is and has been exclusive and independent of the rights claimed by others, and his right may not under the authorities be interrupted or obstructed by defendant or anyone else without his consent.

Another ground of defense is that, as this way runs partly through lands purchased by plaintiff prior to his purchase of the 125 acres, the lesser estate became merged in the greater, and thereby extinguished not only the lesser estate as it pertains to that particular tract, but also as to the entire right of way through the lands of others, and that he thereby wiped out his right of way through other lands to said public road.  This is a novel proposition, to say the least of it, but it is unsupported by the law of the land.  It is true that the lesser estate, the right of way through plaintiff's other land, became vested in the greater estate in that land; but that fact would not debar him from his right of way acquired by prescription through the lands of the other servient owners.  Because the lesser estate in his particular estate, by his acquisition of the greater estate, became merged therein, would not deprive him of the right to use the way through it; he could still use that part of the way, of course; and what reason or authority says he would thereby be de-

prived of the use of the way through the land of others? We find none; nor could we hope to find either reason or authority for so holding.

Another defense urged is that plaintiff is shown to have made use of the way for the interchange of farm implements, produce, etc., including cattle, etc., between the land to whom the way is appurtenant and his other farm abutting on said public road, thereby imposing an additional burden on the servient estate, not permitted by the right. It is true as matter of law that a right of way so acquired by prescription is not necessarily limited as to the character of the use that can be made of it, and that the owner of the dominant estate may use it only for such purposes and in such manner as have been fixed and determined by the use made of it during the period of prescription. *Staggers* v. *Hines, supra; Henrie* v. *Johnson,* 28 W. Va. 190; *Shaver* v. *Edgell,* 48 W. Va. 502. In the two cases last cited the ways involved were established in partition suits and reserved over the parts allotted to some for the use of purparts allotted to others; and it was held that the burdens thus imposed could not be increased by the use thereof for other lands. Such is not the kind of use made by plaintiff of the way now under consideration. Everything taken to or from the land to which the way is appurtenant was for the use of that land, and what difference does it make so far as the burden is concerned whether the products come from lands of plaintiff or from some other source? The burden is no greater in the one case than in the other. If the plaintiff, however, should undertake to make use of the way for another farm or tract to which the way did not pertain, a different case would be presented. There being no misuse of the way, there is no ground for the further contention that such misuse extinguished the right of the plaintiff to any use thereof. Such a proposition is repudiated in our recent case of *Sharp* v. *Kline,* 82 W. Va. 13, syl. 2.

Still another proposition contended for by defendant is that plaintiff had not confined himself to the particular way involved, but had made use of a detour therein, around a swamp or mudhole. Making use of such a temporary detour

does not affect his right of way. *Walton* v. *Knight,* 62 W. Va. 223, 230.

Another point, of no merit, urged by defendant is that another way through this land, called the upper road, was sometimes used by plaintiff, and which there is some evidence to show he at one time obstructed by placing brush in a mudhole therein on his land; but the evidence shows he at once built a new route around the brush for the use of those entitled to the way. But suppose such obstruction to have been unlawful, what bearing can this have on plaintiff's right to maintain and protect his right of way over the lower road here involved? There is no appreciable connection between the two roads so as to make the use of the one or obstruction thereof depend on the other; nor if the upper way was made use of by plaintiff, would that prevent him from protecting his rights in the other. *Rogerson* v. *Shepherd, supra; Walton* v. *Knight, supra; Hoffman* v. *Shoemaker,* 69 W. Va. 233; *Mitchell* v. *Bowman,* 74 W. Va. 498; *Hawkins* v. *Conner,* 75 W. Va. 220, 223, 224.

Our conclusion is to affirm the decree.

*Affirmed.*