# CHARLESTON.

A. J. ZIRKLE V. CITY OF ELKINS.

Submitted January 16, 1923. Decided January 30, 1923.

1.  MUNICIPAL CORPORATIONS—*Only by Record Acceptance as Whole of Streets and Alleys of Addition to Municipality or by Work Done Thereon Will Municipality be Rendered Liable for Injuries Thereon.*

    Only by record acceptance as a whole of the streets and alleys of an addition to a municipality or by work done by the municipality thereon, are such streets and alleys to be treated as streets and alleys of such municipality, so, as to render it liable for injuries sustained thereon; and not without such acceptance as a whole or by work done or improvements made on a particular street or alley or record acceptance thereof, will the municipality be rendered liable for injuries sustained on such street or alley.    (p. 40).

2   SAME—*In Absence of Acceptance Streets and Alleys Must Have Been Used and Occupied as Public Road to Constitute Public Street or Alley.*

    In accordance with section 31, chapter 43 of the Code, to constitute a street or alley a public street or alley, in the absence of any acceptance thereof, such street or alley must have been "used and occupied" as a public road, street or alley.    (p. 40).

    (McGINNIS, JUDGE, absent).

Error to Circuit Court, Randolph County.

Action by A. J. Zirkle against the City of Elkins.    From a judgment for defendant, plaintiff brings error.

*Affirmed.*

*A. M. Cunningham* and *R. H. Allen,* for plaintiff in error.
*Spears & Irons,* for defendant in error.

MILLER, PRESIDENT:

By this action on the case plaintiff sought recovery of damages for personal injuries sustained in the night time when engaged in executing a contract with defendant for removing

night soil from a privy, due to a wire clothes line stretched across a way alleged to be one of the public alleys of said defendant, in what is known as the Taylor Sub-division to the City of Elkins.

During the trial the court ruled out much of the evidence of the plaintiff, showing the use and improvements of the main streets of said sub-division, and limited him to evidence showing or attempting to show the acceptance by municipal order or the working of the particular alley in question as one of the public alleys of said city; and, finally, at the conclusion of plaintiff's evidence, on motion of the defendant, the court struck out all of the evidence and directed a verdict for the defendant.

It is conceded that the only question before us is whether the alley or way on which plaintiff sustained his injuries was a public alley of the defendant, and one which it was obliged to keep in good order or repair for the protection of the public or of the plaintiff in particular.

The plaintiff introduced a plat of said sub-division showing streets and alleys as laid down, with lots abutting thereon, and by city officers and other witnesses showed the improvement and use thereof for sewers, water lines, etc., by defendant, and also introduced a deed made and recorded, evidencing intention and purpose on the part of Taylor, the owner of the sub-division, to dedicate the streets and alleys thereof to public use; but the court would not allow this evidence of a general dedication to public use to go to the jury on the question of fact as to whether the defendant had ever accepted the particular alley in question.

Contrary to the decisions in some jurisdictions, our cases, construing our statutes, hold that acceptance by direct municipal action or by work done thereon by the municipal authorities of a part of the streets and alleys of an addition will not amount to an acceptance of all of such streets and alleys, but only such of them as by record action or by work done thereon by the municipal authorities are shown to have been accepted; that mere user thereof by the public or even by the municipal authorities will not amount to such

acceptance. *Chapman* v. *Milton,* 31 W. Va. 384; *Talbott* v. *King,* 32 W. Va. 6; *Boyd* v. *Woolwine,* 40 W. Va. 282; *Hast* v. *Railroad Co.,* 52 W. Va. 396; *Hicks* v. *City of Bluefield,* 86 W. Va. 367; *Miller* v. *City of Bluefield,* 87 W. Va. 217·; *City of Point Pleasant* v. *Caldwell,* 87 W. Va. 277; *Michaelson* v. *City of Charleston,* 71 W. Va. 35. These and other decisions cited therein proclaim the settled law of this state.

The liability of a county or of a municipality for injury to persons or property by reason of a public road, street or alley being out of repair, is absolute. Section 154, chapter 43, Barnes' West Virginia Code 1918. But according to our decisions, to render a county or municipality liable, the injury must have occurred from the causes named in the statute, upon a public road, street or alley, and to be such public road, street or alley, it must be one accepted as such by record or by acts done thereon by the county court or municipal authorities evidencing a clear intention to accept the same. Mere dedication to the public will not do; acceptance or acts amounting to acceptance thereof must be clearly shown; othewise the very high responsibility created by the statute could be imposed *in invitum,* and the public mulcted in damages against its will and the will of the authorities, which would be against public policy.

According to the statute, section 31, chapter 43 of the Code, prior to the amendment thereof of 1881, a road or street must have been recognized by some order of the county court or of the municipal body or have been worked by the surveyor. By that amendment the road or street must have been "used or occupied" as a public road, street or alley. In *Talbot* v. *King, supra,* Judge BRANNON says the change in phraseology has not changed the meaning; and the correctness of this construction has been recognized in ·all subsequent decisions involving the question of the public character of roads, streets and alleys.

In the case at bar the only evidence offered in support of the public character of the particular alley where plaintiff sustained his injuries was a plat of the Taylor Sub-division, showing streets and alleys and the lots abutting thereon; the

plat made by authority of the city showing included therein the said sub-division; the fact that the main streets thereof had been improved and used for laying sewers, water lines, etc.; the fact that plaintiff and those who before him had been under contract with defendant had used this way in removing night soil from a privy on one of the lots abutting thereon; with the single exception that on one or two occasions, on complaint of a neighbor, the city police had required some refuse or garbage to be removed from the alley. There was not a particle of evidence that the city authorities in council had ever accepted said alley or ever worked or improved it in any way, so as to become responsible for injuries due to lack of repair or otherwise. Such slight evidence will not do. Moreover, plaintiff's own evidence was to the effect that this way where he sustained his injuries had been taken into the yard or enclosure of the abutting lot owner; that his lawn extended over it; and that it was made use of by him for stretching clothes lines; and that plaintiff had notice thereof. His evidence showed that on one or two occasions this particular space had been driven over by others in hauling manure onto the lots. This portion of the alley was a cul-de-sac or ''blind alley,'' with one end opening into Sixteenth Street. We think, therefore, that plaintiff's evidence was wholly insufficient to sustain the theory that the alley was a public alley, so as to render the defendant liable for injuries sustained by the plaintiff thereon.

*Affirmed.*