W. H. HOLLAND, et al.

v.

RALPH FLANAGAN

(No. 10621)

Submitted May 4, 1954.    Decided May 25, 1954.

*Spilman, Thomas, Battle and Klostermeyer, Howard R. Klostermeyer, Miles and Miles,* for appellants.

*R. J. Thrift, Jr.,* for appellee.

LOVINS, JUDGE:

This suit was brought in the Circuit Court of Fayette County on or about the 15th day of May, 1950, by W. H. Holland and Charles T. Holland, plaintiffs, against Ralph Flanagan. The purpose of the suit is to enjoin the defendant from further use of a private way over the lands of the plaintiffs and to recover a decretal judgment against the defendant for damages for the allegedly unlawful use of such way.

A temporary injunction was awarded on or about the 3rd day of June, 1950.

After a considerable lapse of time, during which the plaintiffs filed an original and amended bill of complaint and defendant filed his original and amended answers to which the plaintiffs replied generally, testimony *ore tenus* was taken and the trial court on or about the 12th day of February, 1953, entered a decree dissolving the temporary injunction, dismissed the plaintiffs bill of complaint, decreed that the defendant pay $11.17 haulage charges, assessed costs against plaintiff and dismissed the suit. From such decree, plaintiffs prosecute this appeal.

The original bill of complaint described seven tracts of land aggregating 20.70 acres and another tract, acreage not shown, all of the tracts of land being described as surface, together with improvements situate thereon. This land seems to be contiguous to the Keeney's Creek branch of the Chesapeake and Ohio Railroad, and a side or spur track leading off of such branch railroad. The land is on Keeney's Creek and opposite a portion of Keeney's Creek public road; extends from another public road near the Winona National Bank to a point a short distance beyond a stone powder house.

Between the exterior boundary line of the plaintiffs' land near the powder house and another public road known as the "Rocky Hollow Road", certain lands owned by other persons are situate and are not in question in this suit.

The easement claimed by the defendant is generally parallel with the Keeney's Creek public road, but on the opposite side of the creek where such public road is located, and extends from a point near the Winona National Bank to the point just beyond the powder house.

The tracts of land seem to have been operated by the Ballinger Coal Company, and when operated as a going coal mine, the company had tenement houses, a store building and a tipple erected thereon.

The plaintiff, W. H. Holland, formerly owned all of the land, having acquired it by deed bearing date the 17th day of February, 1933. By deed bearing date the 23rd day of June, 1938, he conveyed the lands to Solomon Holland. Soloman Holland owned the tracts of land until the time of his death testate. By his will probated August 12, 1940, Solomon Holland devised the lands to Charles T. Holland and Frankie Lee Holland, a nephew and niece respectively of the testator, and the son and daughter of W. H. Holland. Frankie Lee Holland departed this life intestate on or about October 14, 1946, and her undivided one-half interest in the lands descended to her father, W. H. Holland, one of the plaintiffs herein, so that the

surface of the lands are owned by W. H. Holland and Charles T. Holland, plaintiffs in this suit.

The Ballinger Coal Company, as above stated, formerly operated a coal mine and built and maintained, among other improvements, a private road from the county road, near the Winona National Bank to their coal tipple.

On or about the 1st day of October, 1942, Charles T. Holland and Frankie Lee Holland, then owners of the lands, leased to C. B. Tackett and James Ruston the right to use the private way, the coal tipple, coal screens, such rights as the lessors had in the railroad spur track, as well as the store and office building and powder house. Messrs. Tackett and Ruston agreed to pay the sum of $25.00 per month minimum rental and $.03 per ton for haulage charges over the private way.

The lease to Messrs. Tackett and Ruston was to last for ten years from its date, with the privilege of extending it for another ten years. It is unnecessary to state the other provisions of the written lease.

Messrs. Tackett and Ruston, after obtaining permission from the plaintiffs herein, about the year 1945, extended the way above mentioned to the exterior boundary line of the plaintiffs' line and beyond same, with the permission of another land owner.

The plaintiff, W. H. Holland, seems to have managed the land, acting under the power of attorney given to him by his son and co-owner, Charles T. Holland.

The plaintiffs introduced testimony from a number of witnesses which in substance was to the effect that prior to the extension of the private way, there was no passageway beyond the vicinity of the tipple toward the Rocky Hollow Road, other than a mere pathway used by pedestrians who manifestedly were taking a short cut over the lands of plaintiffs, rather than travelling on the county road up Keeney's Creek. A number of other witnesses introduced by the defendant testified that persons who lived on Flanagan's Mountain or up the Rocky Hollow

Road had used the private way for pedestrian and vehicular purposes, had transported feed and groceries over the same, and had operated motor vehicles over that part of plaintiffs' land lying between the coal tipple and the exterior boundary line mentioned above.

It is likewise shown that the plaintiffs granted permission to some local school authorities to transport school children and busses over the road.

The defendant hauled coal over the way by virtue of an oral agreement with the plaintiff, W. H. Holland, and agreed to pay him $.03 per ton. Another person had a similar agreement with the plaintiff, W. H. Holland. Flanagan, the defendant, admits hauling 372.02 tons of coal and made a tender of the amount due the plaintiff in open court. The other person hauling coal over the passageway testified that he was awaiting the outcome of this litigation before paying anything.

The evidence as to the existence or non existence of a vehicular roadway over the plaintiffs' land is in sharp conflict, as well as the use of the way and the time it has been used. Some of the defendant's witnesses place the time of its use from about the year 1905 until the beginning of this suit. Others testify as to the existence of the way for an indefinite time. The plaintiffs' witnesses, on the other hand, deny the existence of the way or its general use. They do qualify such denial by saying that people did walk over the way. No person testified as to any person using it with a claim of right to do so, except Messrs. Tackett and Ruston and the school authorities.

The record is silent as to anyone asserting a right to use the private way and notifying the plaintiffs of such claim.

The Circuit Court pronounced a decree adverse to the plaintiffs, as above noted, stating that the plaintiffs had failed to carry the burden of proof.

The defendant in his answers asserted that the passageway was either a public road or a private roadway. We

do not think the record presents any question as to whether it was or was not a public highway. True, there is some proof that some persons employed by the Works Progress Administration distributed surfacing material on the road, referred to in the record as "red dog". Plaintiffs deny they consented to the use of such surfacing material, and in fact, there is no proof that they consented to the use of such material. It may be that the lessees of the private way consented to the use of the surfacing material, or that somebody else having no connection with the plaintiff, consented to its use. There is no proof of any formal acceptance by any person having authority to do so. In fact, the proof is to the contrary.

Though it may have been used uninterruptedly as a passageway for ten years or more by the public generally, with the knowledge and consent of the owners of the land, such use does not constitute the way a public highway, not having been recognized by public authority as such. *Boyd* v. *Woolwine,* 40 W. Va. 282, 21 S. E. 1020; *Talbott* v. *King,* 32 W. Va. 6, 9 S. E. 48; *Yates* v. *West Grafton,* 33 W. Va. 507, 11 S. E. 8; *Dicken* v. *Liverpool Salt & Coal Co.,* 41 W. Va. 511, 23 S. E. 582; *Hicks* v. *City of Bluefield,* 86 W. Va. 367, 103 S. E. 323; *Zirkle* v. *City of Elkins,* 93 W. Va. 39, 115 S. E. 875 and *Rose* v. *Fisher,* 130 W. Va. 53, 42 S. E. 2d 249.

There is some indication in the record that the lessees, Messrs. Tackett and Ruston requested or encouraged the placing of the surfacing material on the road by the Works Progress Administration, though denied by Ruston. The actions of those lessees are not sufficient to constitute an offer to dedicate plaintiffs' lands. 16 Am. Jur., Dedication, §11. See Annotation, 31 L. R. A., N. S., 1023-24.

Moreover, as stated above, there is no conduct on the part of the proper authorities of the state indicating any acceptance of an offer of dedication if such offer was made by plaintiffs.

On another occasion, a person not connected with the

plaintiffs or the State Road Commission obtained some surfacing material and placed it on the road, without the knowledge of the plaintiff, W. H. Holland. It was understood by the official who permitted the use of the surfacing material that it would be placed on the county road, but it seems to have been diverted, in part at least, to the private way of plaintiffs.

The defendant in his brief abandons the plea that the way over the plaintiffs' lands is a public highway, and rests his case upon the theory that it was a private way acquired by prescriptive use.

The question remaining for discussion and disposition is: Did the defendant acquire a right by prescription over the lands of plaintiffs? The answer to this question depends largely upon a question of fact, as the law in this jurisdiction is fairly well settled. In *Foreman* v. *Greenburg,* 88 W. Va. 376, 106 S. E. 876, the Court held: "Open, continuous, and notorious use by an owner of land of a private way over an adjoining tract owned by another person, known, acquiesced in, unobjected to, and unprotested by the latter, is presumptively adverse to him and enjoyed under a bona fide claim of right, even though the way is used jointly by both owners as a common outlet from their properties." It was further held in *Foreman* v. *Greenburg, supra,* that such use for a period of ten years, in the absence of proof otherwise, creates a perfect title to an easement over the adjoining land by prescription.

To the same effect is the case of *Staggers* v. *Hines,* 87 W. Va. 65, 104 S. E. 768. *Foreman* v. *Greenburg, supra,* seems to state a rule of general acceptation in this and other jurisdictions. See Annotation 170 A. L. R. 776, 782. At page 782, a number of West Virginia cases are cited as sustaining the general rule above stated.

It is well to note that the right of ways claimed on the basis of prescriptive use in *Foreman* v. *Greenburg, supra,* and *Staggers* v. *Hines, supra,* were claimed as being appurtenant to an adjoining tract of land.

In *Derifield* v. *Maynard,* 126 W. Va. 750, 30 S. E. 2d 10, this Court held that the owner of adjoining land claiming a way appurtenant, was required to show user for a period of ten years by him or his predecessor in title, under the claim of right and without objection on the part of the owner of the allegedly servient estate, and such user by other parties did not inure to the benefit of the owner of the adjoining tract.

There is nothing in the record of the instant case to show that the easement claimed by the defendant was appurtenant to any other land owned by him. The proof as well as the pleadings show that the defendant claimed an easement in gross and introduced proof to sustain that claim. If an easement is an appropriate and useful adjunct to a tract of land, it will generally be held to be an easement appurtenant. *Jones* v. *Coal Co.,* 79 W. Va. 532, 538, 91 S. E. 391. An easement appurtenant is defined as: "An 'incorporeal right' which is attached to and belongs with some greater and superior right or something annexed to another thing more worthy and which passes as incident to it and is incapable of existence separate and apart from the particular land to which it is annexed." Black's Law Dictionary, Fourth Edition, page 599.

An easement in gross is defined as follows: "Easement in gross is not appurtenant to any estate in land (or not belonging to any person by virtue of his ownership of an estate in land) but a mere personal interest in, or right to use, the land of another." Black's Law Dictionary, Fourth Edition, page 600. See 6 M. J., Easements, §5.

There is no basis in this case for declaring that the claimed easement is appurtenant to any particular tract of land. See 1 Bouvier's Law Dictionary, page 968, for a comprehensive definition of an easement in gross.

The requisite of an acquisition of a right by prescription is: "The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, * * *". *Post* v. *Wallace*, 119 W. Va. 132, 192 S. E. 112.

Notwithstanding the fact that in the cases of *Foreman* v. *Greenburg, supra,* and *Staggers* v. *Hines, supra,* indicating that a presumption exists that a right of way has been acquired by prescription under the conditions stated in those cases, we think that in the instant case, when the plaintiffs introduced testimony tending to show the non existence of a roadway, as well as lack of use thereof, under claim of a right for the requisite period, the existing presumption disappeared or was weakened to such an extent that it was not sufficient to support the decree of the trial court.

Upon the plaintiffs adducing evidence which tended to show that the defendant had no rights over their land by prescription, it then became the duty of the defendant, asserting the existence of an easement, to establish that he had used the disputed way adversely under a claim of right for ten years or more. *Crosier* v. *Brown,* 66 W. Va. 273, 277, 66 S. E. 326. See *Eagle Lodge* v. *Hofmeyer* (Va.) 71 S. E. 2d 195.

True, there is a conflict in the testimony. We think however, that the testimony clearly preponderates in favor of the plaintiffs. As stated above, it was the duty of the defendant to establish by proof the affirmative of the controlling issue. The defendant did not sustain the burden. This failure calls for a reversal of the decree of the trial court, where there is a conflict in the evidence. *Meyers* v. *Land Co.,* 107 W. Va. 632, 149 S. E. 819; *Downs* v. *Beltzhoover,* 111 W. Va. 207, 161 S. E. 440.

Furthermore, the agreement by the defendant to pay $.03 per ton for haulage rights over the plaintiffs' land weakens his claim of prescriptive right. *Crosier* v. *Brown, supra.*

The plaintiffs raise a question that the proof does not show the use of the easement for trucking of coal, and that the defendant is now trying to increase the burden of the easement. The disposition of this case does not call for an expression of opinion on that phase of the case. We direct attention, however, the case of *Connelly* v. *Rail-*

*way Co.,* 124 W. Va. 254, 20 S. E. 2d 885, and the following language appearing in the body of the case of *Foreman* v. *Greenburg, supra:* "When an easement has been acquired in such manner, the extent of the right so acquired is measured and determined by the extent of the user out of which it originated. *Rogerson* v. *Shepherd,* 33 W. Va. 307, 317; *Staggers* v. *Hines,* 87 W. Va. 65, 104 S. E. 768; *District of Columbia* v. *Robinson,* 180 U. S. 92; *Board* v. *N. & W. Ry. Co.,* 119 Va. 763; 19 C. J. 967. In 1 Elliott, Roads & Streets (3d Ed.) §193, the author says: 'If the right to the way depends solely upon user, then the width of the way or the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user.' "

In *Staggers* v. *Hines, supra,* the following language appears: "It is well settled that a way acquired by prescription has its limitations. If acquired for one purpose, it cannot be broadened or diverted to another; and its character and extent are ascertainable and determinable by the use made of it during the period of prescription."

See *Town of Paden City* v. *Felton,* 136 W. Va. 127, 66 S. E. 2d 280, for an extensive and instructive discussion of the subject of the acquisition of an easement by prescriptive use.

The evidence of the defendant's witnesses is rendered somewhat hazy and uncertain by the uncertain and indefinite recollection of the witnesses. The burden being on the defendant to prove the existence of a way arising out of the prescription, and he having failed to carry the burden, we reverse the decree of the trial court in part, reinstate the temporary injunction and remand the cause to the Circuit Court of Fayette County, with directions to perpetuate the temporary injunction and to cause an accounting between the plaintiffs and defendant to ascertain the amount of haulage fees due from the defendant to plaintiffs. The trial chancellor having rendered a money decree for the plaintiffs for the sum of $11.17, we do not disturb that portion of the decree, but allow it to stand,

and direct that further proceedings be had to ascertain if there is any additional amount due from defendant to the plaintiffs.

*Affirmed in part, reversed in part, temporary injunction reinstated and cause remanded with directions.*