## Richmond.

### DEACONS v. DOYLE AND AL.

#### February 3.

1. Where at the time of purchase of real estate there is a road or right of way used by the public, such as a public highway, or a road used so long that there may be a presumption of a dedication to the public, the purchaser takes the land subject to such right, and he is not protected even by a deed of warranty against encumbrance.

2. Where no private right of way or other easement, is reserved in the deed itself, and the purchaser has no notice of such claim, he takes the property without the burden of any such claim, either from the grantor, or any person claiming under him.

3. Where the deed conveys land without reservation, the grantee takes all conveyed by the deed unencumbered, unless in some way notice is brought home to him that the land is sold subject to the encumbrance of some easement or privilege in another person, or the public.

This was a suit in equity in the circuit court of the city Lynchburg, brought by Henry W. Doyle and another against William and Edmund Deacon, to compel them to remove obstructions which they had put in what the plaintiffs claimed was a roadway extending from their lots, past the lots of the defendants, to the public road. All the parties claimed directly or remotely under Hugh R. Scott, who, being the owner of a piece of ground extending to the lands of the James River and Kanawha Company, laid it off into a number of lots, each extending to the James River and Kanawha canal, and sold them to different parties. All the deeds seem to call for the said canal as a boundary; but the plaintiffs claimed that a way next to the canal,

fifteen feet wide, was reserved for the benefit of the owners of the lots. The defendants denied that there was any such reservation.

The case came on to be heard on the 21st of May, 1877, when the court perpetuated the injunction which had been granted to the plaintiffs, and decreed that the defendants should remove the obstructions which they had placed in the roadway. And thereupon the defendants obtained an appeal to this court. The facts are stated by Judge *Christian* in his opinion.

*Kirkpatrick & Blackford,* for the appellants.

*Williams & Diggs,* for the appellees.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that the circuit court erred in decreeing that the injunction theretofore awarded in the cause be made perpetual, and in further decreeing that the defendants remove the brick kiln, fences, and all obstructions from the roadway claimed in the plaintiffs' bill.

Upon the facts of the case as shown by the record before us, the injunction ought to have been dissolved, and the plaintiffs' bill dismissed.

These facts, or so much of them as may be material to the determination of the question before us, may be briefly stated as follows:

One H. R. Scott was the owner of a tract of land lying on the western side of the James River and Kanawha canal near the city of Lynchburg, extending for some distance up and down said canal, opposite the property known as the Rolling Mill. It seems that in the year 1867 Scott had this land divided into convenient lots—twenty-four in number—and sold the same, thus divided into lots, to various

parties and at various prices, until he sold them all. Of these lots Nos. 1, 2 and 7 were purchased by the plaintiff Doyle.

The defendants, the Deacons, are also the owners of two of these lots—*one,* purchased of B. T. Taylor, who had purchased from Scott, and the other (they hold) under E. B. Snead, who was the purchaser from Scott, and who afterwards conveyed it to Adums, from whom the Deacons purchased.

The gist of the controversy is whether Doyle had a right of way from the lots which he purchased of Scott, over those which had been conveyed to the Deacons. There is no dispute as to the title, either of Doyle, or the Deacons, to the lots respectively held by them. But the sole question is whether Doyle has a right of way, giving him free ingress and egress over the lots of the Deacons.

In the first place it is distinctly proved as a fact in the cause, not disputed, and must be taken as conceded, that while Scott, the original owner, was in possession of the land, there was no roadway, neither public highway nor road of any kind, over this land running along the banks of the canal, nothing to notify purchasers from him of *any claim,* either by the public, or any private individual, to a right of way over this land.

It is another noteworthy fact, and one which is conclusive of the case, that in all of the deeds filed, both those under which the Deacons claim and those under which Doyle claims, there is no reservation of any right of way or other easement of any kind over any of these lots; but all the deeds convey the land down to the line of the James River and Kanawha canal.

It is to be noted also that in the deed *for one* of *the lots held by Deacon,* Doyle, the plaintiff, united, and that deed signed by Doyle describes the lot as "one acre, *immediately on the James River and Kanawha canal.*" Nothing is said in the deed

Deacons v. Doyle and al.

of any reservation of any road or right of way along the banks or line of the canal.

The only ground of the plaintiffs' claim is founded upon the deposition of the witness Mitchell, a surveyor, who says in substance that he surveyed and divided into lots, at the request of Scott, the tract of land above referred to, and that he suggested it would be convenient to have a roadway running along the banks of the James River and Kanawha canal, and that he made the survey and a plat marking out fifteen feet as such roadway.

But the plat is not referred to in any of the deeds; nor is there any evidence that such plat was ever recorded; nor is there a particle of evidence that the defendants ever saw or heard of it at the time of their purchase.

It is plain upon these facts that the defendants had a right to what was conveyed to them down to the line of the canal, and their brick kiln and fences ordered to be removed by the circuit court were upon the land which they had purchased, and did not obstruct any right of way of the plaintiffs.

The principles of law applicable to such a state of facts are fixed, plain and well established. They may be stated as follows:

1. Where, at the time of the purchase of real estate, there is a road, or right of way, used by the public, such as a public highway, or a road used *so long* that there may be a presumption of a dedication to the public, the purchaser takes this land subject to such right; and he is not protected even by *a deed of warranty against incumbrances*. See *Jordan* v. *Eve*, 31 Gratt. 1, and cases there cited.

2. Where no private right of way or other easement is reserved in the deed itself, and the purchaser has *no notice* of any such claim, he takes the property without the burthen of any such claim, either from the grantor or any person claiming under him. *Scott and als.* v. *Beutel and als.* 23 Gratt. 1.

3. Where the deed. conveys, without reservation, the grantee takes all conveyed (by the deed) unincumbered, unless in some way *notice is brought home to him* that the land is sold subject to the incumbrance of some easement or privilege in another person, or in the public. Washburn on Easement, 72–81.

Applying these principles of law to the facts appearing by the record, we are clearly of opinion that the decree of the circuit court of Lynchburg is erroneous, and that the same be reversed.

The decree was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous. It is, therefore, decreed and ordered that the same be reversed, and that the appellants recover against the appellees their costs by them expended in the prosecution of their appeal aforesaid here. And this court, proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the injunction awarded the plaintiffs be dissolved, and that their bill be dismissed; and that the said plaintiffs pay to the defendants their costs by them expended in the said circuit court in their defence; which is ordered to be certified, &c.

DECREE REVERSED.