INTERSTATE LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIAM R. WOODS, *Defendant in Error.*

### Opinion Filed March 12, 1914.

1. A license to cut a limited number of trees on a small tract of land, does not impliedly transfer a right to build a tramroad through the tract.

2. The evidence justifying a verdict for exemplary damages, a verdict for compensatory damages only will not be disturbed on complaint of the defendant.

Writ of Error to Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment affirmed.

*W. B. Davis,* for Plaintiff in Error;

*Hendry & Whitnell* and *E. C. Calhoun,* for Defendant in Error.

COCKRELL, J.—In this action of trespass, Woods recovered judgment against the Interstate Lumber Company for cutting down trees, carrying off cross-ties and building a tramroad through Woods' land.

There is and can be no question that the plaintiff was entitled to a judgment, nor do we entertain a doubt that the recovery was for too much.

The defendant was given the full benefit, despite its failure to establish the fact by legal evidence, of a right to cut the trees upon the land, measuring fourteen inches and over in diameter at the stump. It had no right and

claimed no right to cut smaller trees, and yet over the owner's insistent protest it did cut down more than six hundred smaller trees, ranging from ten to thirteen inches in diameter at the stump, of a market value of three hundred dollars, according to credible testimony. For the defense there was a different count as to the number of trees, but the evidence upon which the count was based is disjointed and fragmentary. The estimate of the value of the cross-ties varies from twenty-five to fifty dollars.

There can be no question that the tramroad was built across the property without shadow of right, interfering with the farming operations of the owner of the land, and over his most vehement protest. It is thought to justify this arbitrary action upon the theory that a right to cut certain timber on a 120-acre tract impliedly conferred the right to build a tramroad thereon in order to reach other timber owned beyond this tract by the lumber company; the Circuit Court properly refused to yield to such construction.

We find no assignments of error of merit going to the right of action or to the measure of damages. The court was warranted by the evidence in charging the jury as to exemplary damages, and in not disturbing the verdict for $650.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.