# Richmond

## Bowman v. Holland and Another.

### November 12, 1914.

1. VENDOR AND PURCHASER—*Purchaser without Notice from One with Notice.*—A purchaser for value without notice takes a good title from a purchaser for value with notice.

2. EASEMENTS—*Right of Way—Case in Judgment.*—Where a deed conveys land without reservation of any right of way or other easement, the grantee takes all conveyed by the deed unencumbered, unless notice is in some way brought home to him that the land is sold subject to the encumbrance of some easement or privilege in another person or the public. In the case in judgment, a right of way was claimed over the lands of a grantee whose deed made no mention of the right of way and was recorded before the deeds of the claimants. The grantee had no actual notice of the existence of the right of way, and the evidence does not show that he was cognizant of such facts as would have led a reasonable and prudent man to a full investigation so as to charge his conscience with the result of such investigation if it had been made. Under these circumstances, it is held, that the grantee takes the land free of such right of way.

Appeal from a decree of the Circuit Court of Roanoke county. Decree for the complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*Hart & Hart,* for the appellant.

*James A. Bear* and *Jackson & Henson,* for the appellees.

Keith, P., delivered the opinion of the court.

Jordan Holland and R. E. Pentecost filed their bill in the Circuit Court of Roanoke county, in which Holland alleges that by deed of date February 1, 1905, and recorded November 17, 1906, J. H. Bear and wife conveyed to Cora E. Saunders a tract of land containing 101 acres; that Cora E. Saunders conveyed thirty acres of this tract to Holland by deed dated February 1, 1905, which was recorded January 18, 1908, and in that deed a right of way or easement was granted to him as follows: "The said parties of the first part specifically grant and convey unto the said parties of the second part a twelve foot wagon road or right of way as is now used, running by the old Saunders homestead to the road at or near a locust tree on said roadway; it is expressly understood and agreed between the parties that this roadway is to be a gateway and not an open roadway or lane."

Holland further alleges that the portion of land conveyed to him by Cora E. Saunders and her husband is the rear portion of the land purchased by Cora E. Saunders from J. H. Bear, and that the right of way or easement was conveyed to him for the purpose of convenient and easy access over the lands of the grantor, running from the lands of complainant in a southeasterly direction to a public road known as Ballahack road; and it is further charged that the said right of way or easement over the lands of Cora E. Saunders is appurtenant to the grant from her and is necessary for the enjoyment of his premises.

R. E. Pentecost, co-plaintiff with Holland, by the bill charges that he is the owner of a tract of land conveyed by Cora E. Saunders to D. T. Ashwell by deed dated November 21, 1908, and recorded on January 16, 1909; that the land so conveyed is a portion of a larger tract

which Bear conveyed to Cora E. Saunders; and he further avers that the deed from Cora E. Saunders to D. T. Ashwell contains a grant of a right of way over the lands of the grantor. Then follows the reservation of a right of way identical with that already copied from the deed of Holland. This tract contained fifty acres and was subsequently conveyed by Ashwell and wife by deed of December 9, 1908, and recorded January 11, 1908, to R. E. Pentecost.

It further appears from the bill that by deed dated January 14, 1907, which was recorded on the same day, Cora E. Saunders and her husband conveyed to C. C. Pugh the residue of the tract of 101 acres purchased by Saunders and husband from Bear, containing 21 acres, more or less. This deed to C. C. Pugh contains no reservation of any easement or right of way, but conveys to Pugh an unencumbered title. Subsequently Pugh conveyed this 21 acres of land to B. F. Bowman. The bill goes on to aver that the easement or right of way mentioned in the deeds from Saunders to Holland and to Pentecost were in existence at the time Cora E. Saunders purchased the land from Bear; that it was well defined, obvious, visible and notorious, and that Pugh and his subsequent alienee, Bowman, each had actual knowledge that Holland and Pentecost were entitled to a right of way over and through the land purchased by Pugh from Saunders, and subsequently sold by Pugh to Bowman; and it further charges that if Pugh and Bowman did not have actual knowledge of the existence of the right of way or easement, they were cognizant of such facts as would lead a reasonable and prudent man to make an investigation and determine the rights of complainants in and to said roadway. The bill then alleges that Bowman had caused the right of way to be obstructed by a fence, and has prohibited the plaintiffs

from the peaceable enjoyment of their right of way. The bill concludes with the prayer that Bowman may be made party defendant to the bill and required to answer the same, but not under oath; that an injunction may be awarded complainants, restraining Bowman from interfering with the rights of complainants in the roadway described; and for other and general relief.

To this bill Bowman filed his answer, in which, after admitting certain averments as to the execution of the deeds recited in the bill, he denies that these conveyances entitled complainants to a right of way through his land, because, as he avers, his land was purchased by his grantor, Pugh, and afterwards conveyed by him to respondent without any reservation of right of way or easement whatsoever, which appears from the deed to Pugh exhibited as a part of the answer: that Pugh recorded the deed to him long before the complainants recorded their deeds, as is also shown by the recitals of the bill; and that neither Pugh nor respondent had any knowledge, actual or constructive, of any easement, or right of way, or gateway, in and out or through the lands of respondent whatsover; that respondent purchased the land from Pugh without any reservation of right of way, easement or gateway, and took a deed thereto, dated the 12th day of September, 1911, which is filed as an exhibit. The respondent denies that there was any easement or right of way in existence at the time Cora E. Saunders purchased the land from Bear, or that there was such easement then, well defined, obvious, visible and notorious, or that C. C. Pugh or his subsequent alienee, Bowman, had knowledge that the complainants were entitled to a right of way over and through the land in controversy; nor were they cognizant of such facts as would lead a reasonable and prudent man to make an investigation and determine the rights of complainants.

The respondent denies that he has in any way caused
any right of way to be obstructed by fence or otherwise,
or has by threats or violence prohibited complainants
from the peaceable enjoyment of any rights of way that
they were entitled to.  The answer denies that complain-
ants have ever at any time, by permission or otherwise,
had ingress or egress through the lands of respondent
where they now seek a right of way, nor have they even
asserted or claimed a right of way along the lands of
respondent where they are now seeking it.  The answer
avers that respondent at one time by permission did
allow complainant temporarily the use of a part of his
field, then not in cultivation, to drive and walk through,
providing they would keep the gate and fence closed;
that this permission was given them as a matter of ac-
commodation, to be discontinued at the will of respond-
ent, and which he was compelled to discontinue after a
few days.

Upon the issues thus made a number of depositions
were taken on behalf of plaintiffs and defendant, and the
circuit court entered a decree in accordance with the
prayer of the bill, and from that decree Bowman obtained
this appeal.

The deed from Saunders to Holland was recorded on
the 18th of January, 1908; that from Saunders to Ash-
well, under which Pentecost claims, was recorded on the
16th of January, 1909, and that from Ashwell to Pente-
cost on July 11, 1909.  The deed from Cora E. Saun-
ders to C. C. Pugh, the immediate grantor of Bowman,
the appellant, was recorded on January 14, 1907.  It is
apparent, therefore, that Bowman took his land unaf-
fected by the subsequent recordation of the deeds to Hol-
land and Pentecost.

A careful examination of the evidence satisfies us that
actual notice of the easement claimed by Holland and

Pentecost was never brought home to Bowman, and the evidence does not establish the contention insisted upon by appellees, that Bowman was cognizant of facts which should have led a reasonable and prudent man to full investigation, and to charge his conscience with the result of such investigation if it had been made. It would be of no avail to the appellees to prove notice, actual or constructive, as to Pugh, for no proposition of law is better settled than that a purchaser for value without notice takes a good title from a purchaser for value with notice. See *Lacy* v. *Wilson,* 4 Munf. (18 Va.) 313; *Aragon Coffee Co.* v. *Rogers,* 105 Va. 51, 52 S. E. 843, 8 Ann. Cas. 623; *Yost* v. *Critcher,* 112 Va. 870, 72 S. E. 594.

In *Claiborne* v. *Holland,* 88 Va. at p. 1049, 14 S. E. at p. 916, it is said: "Nothing is better settled than that a purchaser without notice from a purchaser with notice is not affected by such notice."

We think that the physical evidences, as shown by the record, of the former existence of a roadway were wholly inadequate to charge Bowman with knowledge of its existence. Pentecost in his deposition says, and his statement is borne out by other witnesses, that this roadway was open when Pugh first owned it, but was afterwards closed up by him; that "Mr. Pugh said he was not going to have it run by the house, but would let me build a road that was more satisfactory somewhere else." In answer to a question by his counsel, Pentecost said, that the existence of the road was plain when Pugh bought the land, and that when Bowman bought it anyone could see an old road was there; that the banks were still there over a portion of it, but that Pugh had built a henhouse on it. Bowman testified that while there were evidences that there had been a roadway years ago, when he bought it there were outbuildings over it and a fence where the road had apparently been, and that he

would not have bought the property had the right of way existed as it is now claimed. The proof is plain that there was never any public road there at any time; that there was never at any time more than a farm road, used permissively to some extent by the neighborhood, but as to which no easement had ever been acquired.

In *Deacons* v. *Doyle,* 75 Va. 258, it is said, that "Where no private right of way or other easement is reserved in the deed itself, and the purchaser has no notice of such claim, he takes the property without the burden of any such claim, either from the grantor, or any person claiming under him. Where the deed conveys land without reservation, the grantee takes all conveyed by the deed unencumbered, unless in some way notice is brought home to him that the land is sold subject to the encumbrance of some easement or privilege in another person or the public."

As we have seen the deed from Saunders to Pugh conveys the land without reservation, and Pugh, therefore, took all that was conveyed by that deed unencumbered, unless in some way notice is brought home to him that the land was sold subject to the encumbrance of some easement or privilege. The deed to Pugh was the first of all the deeds from Cora E. Saunders and her husband to be recorded, and he took the land, therefore, unaffected by record notice, and the evidence fails to establish or bring home to Bowman notice that the land was subject to any easement or privilege in another person.

For these reasons the decree of the circuit court must be reversed, and this court proceeding to enter such decree as the circuit court should have rendered, the bill of appellees is dismissed.

*Reversed.*