SEABOARD AIR. LINE RAILWAY, *Appellant,*. v. W.. H McRAINEY AND D. G. BRIDGES, *Appellees.*

## Opinion Filed April 20, 1915.

1. Where a railroad company conveys land on which a part of its right-of-way in actual use is located, such right-of-way is by implication of law excepted from the conveyance and such exception of the right-of-way occurs in subsequent conveyances while the right-of-way is being used by the railroad company.

2. The law of this State does not authorize the building of a private tram road across a railroad track.

3. Common carrier railroads are public utilities whose property

used in transporting passengers and freight must be safeguarded for the safety of persons and property in transit.

Appeal from Circuit Court for Sumter County; W. S. Bullock, Judge.

Order reversed.

*P. O. Knight,* for Appellant;

*H. M. Hampton,* for Appellees.

WHITFIELD, J.—The railway company brought suit to enjoin the appellees here from constructing a private tram road crossing over the railroad company's road in the southeast quarter of the northwest quarter of section seven, township nineteen south, range twenty-three east in Sumter County, Florida. An injunction was granted but it was subsequently by order conditionally vacated upon giving bond, from which latter order the railroad company appealed.

It appears that the land upon which the railroad was built was conveyed by the State to the predecessor of the Seaboard Air Line Railway; that after the railroad had been constructed and was in operation across the above described forty acres of land, the former railroad company conveyed the forty acres to E. N. Dickerson as trustee for said company or its predecessors in interest; that no right of way or privilege of any kind was reserved in such conveyance; that the title to the lands by mesne conveyances is vested in W. H. McRainey; "that in none of the deeds so executed * was there any right of way. road bed, privilege or any rights of" any of the railroad companies "or any intermediate holder of the rights of

said railroads (expressly) excepted or reversed." The appellees claim that by virtue of such conveyances being made without reservation, the appellant railroad company is merely the tenant by sufferance of the appellees, or that if a right of way or easement was by implication reserved from the conveyance because of the existence and operation of the railroad across the forty acres of land, then the appellees are the owners of the land in fee under the right of way, subject to the easement, and that as such owners they may use the right of way for any purpose consistent with appellees' ownership of the fee and with the appellant's enjoyment of the right of way for its railroad purposes. There is a further contention that the appellees have a right of way by necessity over the appellant's railroad track because of the purchase by the appellees of the forty acres of land, some of it being on each side of the railroad track.

Section 2803 of the General Statutes of 1906 which was in force when the conveyance of the land was made by the railroad company, provides that "every railroad * company shall be empowered * to purchase, hold and use all such real estate and other property as may be necessary for the construction and maintenance of its road * and the stations and other accommodations necessary to accomplish the objects of its incorporation, and to sell, lease or buy any lands or real estate not necessary for its use."

It is clear that the right of way of the railroad company is "land or real estate necessary for its use"; and that as the railroad company was authorized to hold and use all real estate that may be necessary for the construction and operation of its road, and can sell only such "lands or real

estate not necessary for its use," the railroad company had no authority to sell and convey its right of way that is "necessary for the construction and maintenance of its road." The railroad was patently an existing obvious public easement on the land when it was sold. This being so, the right of way over the forty acres must be regarded as having been by implication of law excepted from the conveyance by the railroad company of the forty acres. And the railroad still being over the land such exception exists by law in all subsequent conveyances; therefore the title of the appellees is subject to the right of way of the appellant over the forty acres of land. See DeLuze v. Bradbury, 25 N. J. Eqr., 70; Deacons v. Doyle, 75 Va. 258; Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 South. Rep. 381, 30 L. R. A. (N. S.) 833, 24 Ann. Cas. 647; Newmyer v. Roush, 21 Idaho 106, 120 Pac. Rep. 464, 29 Ann. Cas. 433; Sandum v. Johnson, 122 Minn. 368, 142 N. W. Rep. 878, 34 Ann. Cas. 1007.

The law recognizes the right of the public to have public roads cross railroad tracks and the right of other railroads to cross the tracks as well as of the rights of individuals to cross in a usual way at any point under conditions that do not violate the law or the railroad's rights; but the law makes no provision for the building of a private tram road across a railroad track, for the purpose of hauling logs to a saw mill by the use of steam engines and cars on the tram road. It cannot be said that because the appellees own land on each side of the railroad that was purchased from the railroad company, they have a right to build a private tram road across the railroad track, even though the appellees may have a right to cross the railroad track with ordinary vehicles running on the ground in the customary use of their land on each

side of the track as may have been contemplated by the parties when the railroad company sold and conveyed the land. There is nothing to indicate that the parties to the purchase of the forty acres of land from the railroad company contemplated such a use of the land as requires the construction of a private tram road over the railroad track on which to run engines and cars for the purpose of transporting logs brought from other lands, by the appellees on its private tram road. See Interstate Lumber Co. v. Woods, 67 Fla. 202, 64 South. Rep. 741.

Common carrier railroads are public utilities whose property used in transporting passengers and freight must be safe-guarded for the safety of persons and property in transit. A bond would not afford safety, or indemnify losses caused by accidents resulting from physical connections with the track.

Authorities cited for appellees relate to statutory or other rights to cross railroad tracks with ordinary means of conveyances, not with tram roads that require physical connection with the railroad track, thereby endangering passengers and freight.

In the absence of legislative authority, a right to construct a private tram road over a railroad track does not exist. The right of a railroad company to grant or consent to the rights of way over the railroad track is subject to governmental regulation.

As the law at present recognizes no right in the appellees to build a private tram road across the appellant's railroad track, it is not necessary to consider the probative force of the affidavits presented on the motion to dissolve the injunction as to the risk of danger to public

safety involved in such a crossing, which consideration may be a factor in obtaining consent. The element of public safety as well as the manifest inadequacy of the remedy at law afford grounds for equitable relief by injunction.

The order conditionally dissolving the injunction is reversed and the cause is remanded with directions for further proceedings in accordance with this opinion.

It is so ordered.

TAYLOR, C. J., AND SHACKLEFORD AND ELLIS, JJ., concur.

COCKRELL, J., concurring.

I agree with the conclusion reached by the court, but I do not concur in the construction placed upon Section 2803 of the General Statutes. In my opinion a railroad company may sell, lease or buy realty whether necessary for its use or not, under that section.

I think, however, that the right of way was reserved by necessary implication, so long as the company used it, and further that a bond affords inadequate protection to the public and to the railroad company from this added source of danger.