GILLIS CONLEY, *et al.*

*v.*

GRADY CONLEY, *et al.*

(No. 14797)

Decided December 11, 1981.

*James E. Spurlock* for appellants.

*Charles T. Bailey* for appellees.

PER CURIAM:

This case arose in 1978 when the appellees filed suit in the Circuit Court of Logan County to obtain an easement for use of a gas pipeline running across certain lands of the appellants, Grady and Lois Conley. The pipeline was connected to a gas meter approximately thirty feet from the appellants' home. In addition to the easement, the

complaint sought money damages and a temporary and permanent injunction to prohibit Grady Conley from interfering with the flow of gas through the pipeline to the appellees' homes.

A hearing was held before the court and on March 8, 1979, the trial court entered an order finding in part that the plaintiff, Della Conley, had acquired a prescriptive easement appurtenant to the gas pipeline in question.[1] By order dated May 24, 1979, the court overruled the appellants' motion for a new trial. It is from this final order that appellants now appeal.

Syllabus Point 1 of *Town of Paden City v. Felton*, 136 W. Va. 127, 66 S.E.2d 280 (1951) correctly states the well settled law in this State on prescriptive easements:

> "To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use."

Counsel for both parties represented to this Court during oral argument that the only real issue in dispute between the parties relates to whether the easement was claimed adversely, i.e., whether Della Conley used the pipeline in a manner hostile to Grady Conley. As we stated in *Somon v. Murphy Fabrication & Erection Co.*, 160 W. Va. 84, 232 S.E.2d 524, 528 (1977), "the person claiming adverse possession must show that his possession of the property was against the right of the true owner and is inconsistent with the title of the true owner. The word 'hostile' is synonymous with the word 'adverse' and need not and does not import that the disseisor must show ill will or malevolence to the true owner."

---

[1] The remaining plaintiffs-appellees were relatives of Della Conley. She allowed them to hook on to the pipeline at a point on her property and the court upheld her action on the ground that it imposed no greater burden on the servient estate.

We must now apply these principles to the facts of this case. The following evidence was obtained at the hearing in circuit court: In 1957 Grady Conley gave the Logan County Board of Education permission to use the gas pipeline in question when the Board constructed a schoolhouse on property near his home. His impression was that the pipeline was to be "deadened" (sic) when the school was torn down or abandoned. The Board ceased using the pipeline in 1965, and at that time gave Della Conley permission to hook on to the line in exchange for allowing them to remove the schoolhouse across her property. The Board gave this permission without the approval of Grady Conley. When asked whether she was using the line with anyone's permission, Della Conley testified that she was using the gas line "under the Board of Education."

Although Grady Conley gave permission for a right of way to the gas line to Julius and Corba Conley, there are no allegations that Grady ever gave permission to Della Conley. Della began using the pipeline in 1965 and Grady Conley acquired actual knowledge thereof a short time later. At some point, Della conveyed portions of her property to her relatives and allowed them to hook on to the pipeline on her property. It appears that no objection was made by Grady Conley until he and the appellees had a disagreement over the title to the land on which the schoolhouse was formerly located.

Connecting these facts to the law as set forth in Syllabus Point 1 of *Town of Paden City v. Felton, supra,* we note first of all that there was continued and uninterrupted use of the pipeline for the requisite ten years. In addition, the identity of the pipeline is obvious to all parties involved. Finally, it is clear from the record that Della Conley claimed use of the pipeline adverse to the rights of Grady Conley and although he acquiesced, he did not give her express permission for such use.

"A landowner who asserts the right to an easement by prescription over the land of another must establish such right by clear and convincing proof." Syl pt. 1, *Fanti v. Welsh,* 152 W. Va. 233, 161 S.E.2d 501 (1968). We conclude

from the facts before us that Della Conley carried her burden of proof and that the circuit court's ruling was correct.

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*