374 S.E.2d 523

Margaret CANEI, George H. Canei, Ronald E. Richards, Sr., Elizabeth A. Richards, Ronald E. Richards, Jr., Mihwa S. Richards, George Gerbo, and Millicent Gerbo

v.

William Boyd CULLEY and Thelma I. Culley.

No. 17483.

Supreme Court of Appeals of West Virginia.

Nov. 3, 1988.

Lawrence L. Manypenny, Jordan, Manypenny & Adams, New Cumberland, for Margaret Canei.

Donald C. Sinclair, II and James Sellitti, Weirton, for Wilmon Boyd Culley.

PER CURIAM:

This is an appeal by George and Millicent Gerbo, two of the plaintiffs below, from an Order of the Circuit Court of Hancock County, dated October 2, 1985, denying the plaintiffs' request that the circuit court enjoin the defendants from restricting the use of a right-of-way easement located upon the lands of the defendants. We affirm the circuit court.

The plaintiffs filed a complaint in November, 1981 alleging an easement by prescription and a way of necessity over the defendants' property. The plaintiffs later filed an amended complaint in which they claimed ownership of the property in question. The case was tried to the court without a jury, and the circuit court issued findings of fact and conclusions of law. The plaintiffs raise four assignments of error, each of which will be discussed.

■ The plaintiffs assert that the trial court erred in finding that they did not have a way of necessity. We disagree. A way of necessity is an easement founded on an implied grant or implied reservation. *Crosier v. Brown*, 66 W.Va. 273, 66 S.E. 326 (1909). A way of necessity usually arises when there is a conveyance of a part of a tract of land such that either the part conveyed or the part retained has no reasonable access to the outside. *Derifield v. Maynard*, 126 W.Va. 750, 754, 30 S.E.2d 10, 12 (1944).

■ In Syllabus Point 4 of *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976), we stated:

Where one owns and conveys a portion of his land which is completely surrounded by the retained land or partially by the land of the grantor and the land of others, without expressly providing a means of ingress and egress, and where there is no other reasonable means of access to the granted land, the law implies an easement in favor of the grantee over the retained portion of the original land of the grantor.

Obviously, if another means of access exists, although less convenient or more expensive to develop, no way of necessity arises. One having reasonable outlet over his own property could not claim easement of way over another's premises on the ground of convenience. *Dorsey v. Dorsey*, 109 W.Va. 111, 153 S.E. 146 (1930). A landowner is not entitled to an implied grant or reservation of right of way by necessity where he had another reasonably convenient outlet from his property to a public highway. *Post v. Wallace*, 119 W.Va. 132, 192 S.E. 112 (1937).

■ In this case, no easement of necessity arises over the defendants' property because the parcel owned by the Caneis abuts the public road. Therefore, another means of access to the property exists, and the fact that such means is less convenient or more expensive to develop is immaterial. We find no error in the circuit court's ruling.

■ The plaintiffs claim that they are entitled to a prescriptive easement over the property in question. The essential elements for obtaining a prescriptive easement were stated in the Syllabus of *Conley v. Conley*, 168 W.Va. 500, 285 S.E.2d 140 (1981):

"To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use." Syl. pt. 1, *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280 (1951).

"A landowner who asserts the right to an easement by prescription over the land of another must establish such right by clear and convincing proof." Syl. pt. 1, *Fanti v. Welsh,* 152 W.Va. 233, 161 S.E.2d 501 (1968). The evidence in this case clearly and convincingly shows that the plaintiffs cannot tack together ten years of continuous and uninterrupted use, either through their own use or the use by their predecessors in title, for a prescriptive easement to be established over the property in question. We find no error.

The plaintiffs assert that the trial court erred in finding that the plaintiffs' surveyor did not conduct his survey in accordance with general surveying practice and procedure and in finding that the surveyor's opinion as to the location of the right-of-way in relation to the boundaries was inadmissible. We disagree. Rule 703 of the West Virginia Rules of Evidence provides as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

In effect since February 1, 1985, this Rule is clearly applicable to the present case. Cases decided prior to the Rules of Evidence are still applicable in analyzing the underlying basis for an opinion.

■ It is well-settled practice in locating lines for the purpose of a survey to begin at a known corner and locate the other corners by courses and distances. *State v.*

*West Virginia Pulp and Paper Co.,* 108 W.Va. 553, 556, 152 S.E. 197, 198 (1930). When a party's surveyor states that he ran the survey in the manner he did in order to make a line come where the party hiring him claimed it was located, such evidence should be discounted. *Blain v. Woods,* 145 W.Va. 297, 115 S.E.2d 88 (1960). The plaintiffs' surveyor relied upon representations of one of the plaintiffs below in determining the boundary line and ignored the boundary description in the deed. Clearly, the plaintiffs' surveyor did not run his survey in conformity with generally accepted practice. We have held that the construction of a deed is wholly a question of law for the court. *Brady v. Reiner,* 157 W.Va. 10, 29, 198 S.E.2d 812, 824 (1973). In discounting the opinion of the plaintiffs' surveyor, which was of a type not reasonably relied upon by experts in this field, and in accepting a 1948 survey done on the property which met all standards for recordation, we find the circuit court committed no error.

■ For their final assignment of error, the plaintiffs allege that the trial court erred in his findings of fact and conclusions of law. We disagree. We stated in Syllabus Point 1 of *McElwain v. Wells,* 174 W.Va. 61, 322 S.E.2d 482 (1984):

> "A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding."

Finding that the evidence clearly preponderates in favor of the trial court's ruling, we do not believe that the trial court made findings of fact contrary to the evidence.

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.