378 S.E.2d 446

**Marshall and Lorena NORMAN**

v.

**Benjamin Brooks BELCHER.**

**No. 17338.**

Supreme Court of Appeals of
West Virginia.

Feb. 17, 1989.

William E. Hamb, Hamb, Poffenbarger
& Williams, Charleston, for appellant.

Carrie L. Newton, Ripley, for appellees.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Kanawha County, entered January 3, 1986, which held that the defendant, Benjamin Brooks Belcher, had failed to prove, by clear and convincing evidence, that he was entitled to a prescriptive easement over the lands of the plaintiffs, Marshall and Lorena Norman. We find no error warranting reversal of the circuit court's decision, and we affirm the judgment.

In November, 1977, the defendant acquired a 15–acre tract of land, located in Malden District, Kanawha County, which is separated from the public highway, Belcher Road, by four other parcels of land, including one owned by the plaintiffs. A paved private roadway leads from Belcher Road to the home of the plaintiffs. When the defendant attempted to use this roadway to enter upon the 15–acre tract, the plaintiffs stopped him and instituted proceedings to enjoin him from trespassing on their land. The defendant counterclaimed, alleging a prescriptive easement over the plaintiffs' property acquired by his predecessors in title.

The matter was referred to a special commissioner, who, after hearing the evidence of the parties, reviewing the land records in the Kanawha County Courthouse, and conducting a view of the property, found that the defendant's predecessors in title had acquired a prescriptive easement over the lands now owned by the plaintiffs. The circuit court overruled and disaffirmed the special commissioner's report, finding that the defendant had failed to prove the existence of such an easement by clear and convincing evidence. It is from this order that the defendant now appeals.

Initially, we note that we are required to review the evidence *de novo* in this appeal. As we stated in Syllabus Point 3 of *Fanti v. Welsh,* 152 W.Va. 233, 161 S.E.2d 501 (1968):

" 'Where questions of fact are referred to and passed upon by a commissioner, and the findings of the commissioner are overruled and disaffirmed by the circuit court, the appellate court must determine for itself, from the facts and circumstances disclosed by the record, whether it will sustain the conclusion of the commissioner or that of the circuit court.' Point 1, Syllabus, *Hyre v. Lambert,* 45 W.Va. 715 [31 S.E. 927 (1898) ]."

*See Parrish v. Pancake,* 158 W.Va. 842, 215 S.E.2d 659 (1975). Of course, no special weight is accorded to the lower court's conclusions of law. *See Martin v. Pugh,* 175 W.Va. 495, 334 S.E.2d 633 (1985); *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980).

The evidence adduced below showed that the 15–acre tract owned by the defendant is horseshoe-shaped, located at the head of a hollow, and surrounded on three sides by steep, mountainous terrain. Two streams originate on the property and converge into a creek which flows southward out of the open end of the tract over adjacent lands currently owned by the plaintiffs and others. The tract currently owned by the plaintiffs was at one time part of a 62.5–acre tract owned by Kinniman Belcher, grandfather of both the defendant and plaintiff Lorena Norman.

The paved roadway leading from Belcher Road to the home of the plaintiffs follows the path of the creek. The evidence fairly shows that at one time, the road continued beyond the plaintiffs' home to a residence located on the 15–acre tract at the point where the two streams converge. A dwelling, historically referred to as the "Buck Anderson place," was shown to have been present at that site as early as 1880. Witnesses testified that the Buck Anderson family had occupied a log house located on the 15–acre tract for at least five or six years at the turn of the century and had used the road as their means of ingress and egress to the property without objection from Kinniman Belcher. Geological survey maps, tax maps, and Department of Highways maps showed the presence of such a road from 1913 until 1971, and the physical imprint of a road leading from the end of the paved roadway along the creek bed to the site of the Buck Anderson house was observed after the institution of this action.

Most of the witnesses who offered an opinion agreed that this road was the only feasible means of access to the 15–acre tract.

■ The defendant contends that this evidence demonstrates that his predecessors in title, the Buck Anderson family, obtained a prescriptive easement over the 62.5–acre Kinniman Belcher tract for purposes of ingress and egress. The general rules in this regard were recently restated as Syllabus Points 2 and 3 of *Keller v. Hartman,* 175 W.Va. 418, 333 S.E.2d 89 (1985):

"2. 'The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof. In the absence of any one or all of such requisites, the claimant of a private way does not acquire such way by prescription over the lands of another.' Syl. pt. 1, *Holland v. Flanagan,* 139 W.Va. 884, 81 S.E.2d 908 (1954).

"3. 'The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing evidence.' Syl. pt. 1, *Berkeley Development Corp. v. Hutzler,* 159 W.Va. 844, 229 S.E.2d 732 (1976)."

*See Fanti v. Welsh,* 152 W.Va. at 236, 161 S.E.2d at 503.

We do not believe the defendant here has met his burden of proof. Although the defendant presented evidence that the Buck Anderson family did use the roadway in question for access to their residence on the 15–acre tract, the direct evidence shows only that they lived there for five or six years at the turn of the century. The uninterrupted use of the roadway for a continuous period of ten years must, like all other elements of the prescriptive right, be proven by clear and convincing evidence by the party asserting it. *See Fanti v. Welsh,* 152 W.Va. at 233, 161 S.E.2d at 502; *Beckley Nat'l Exchange Bank v. Lilly,* 116 W.Va. 608, 182 S.E. 767 (1935). "If there is a substantial doubt as to such user during any substantial part of the time necessary

to create the right to prescription, it will be denied." Syllabus Point 4, in part, *Perdue v. Ballengee,* 87 W.Va. 618, 105 S.E. 767 (1921). In view of the speculative nature of the evidence submitted below on this issue, we cannot say that the defendant carried his burden of proving, by clear and convincing evidence, that his predecessors in title acquired a prescriptive easement over the property now owned by the plaintiffs.

Even if the defendant had demonstrated the existence of a prescriptive easement at the turn of the century, however, we do not believe he would be entitled to the relief sought. The evidence clearly demonstrates that the Buck Anderson house collapsed sometime after 1914 and that the road to the 15–acre tract was not used for vehicular access after 1918 or 1919. The uncontroverted testimony shows that in 1920 or 1921, Kinniman Belcher completely enclosed his 62.5–acre tract with a fence and used the property for a garden until at least 1941. On at least one occasion during this period, Kinniman Belcher refused a third party permission to haul timber over the tract because such activity would damage his garden. When the plaintiffs moved onto the property in 1953, they found a barbed wire fence lying on the ground on the property line behind the house. The roadway stopped at their house, and there was no evidence of any vehicular traffic across their property to the 15–acre tract thereafter.

■ A private easement may be extinguished by adverse possession wholly inconsistent with the use of the easement. *Bauer Enter., Inc. v. City of Elkins,* 173 W.Va. 438, 317 S.E.2d 798 (1984); *Higgins v. Suburban Improvement Co.,* 108 W.Va. 531, 151 S.E. 842 (1930); *Rudolph v. Glendale Improvement Co.,* 103 W.Va. 81, 137 S.E. 349 (1927). The elements of adverse possession have recently been restated in Syllabus Points 1 and 2 of *White v. Lambert,* 175 W.Va. 253, 332 S.E.2d 266 (1985):

"1. 'One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the

**584**

possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.' Syllabus Point 3, *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977).

"2. 'Adverse possession of a right of way granted by deed must be hostile at its inception, adverse, actual, visible, open, notorious, exclusive, under claim of ownership and continuous for the statutory period.' Syllabus Point 1, *Higgins v. Suburban Improvement Co.*, 108 W.Va. 531, 151 S.E. 842 (1930)."

The statutory period for adverse possession is ten years. W.Va.Code, 55-2-1 (1923).

■ Here, Kinniman Belcher's use of the 62.5–acre tract as an enclosed garden during the 1920's and 1930's satisfies these requirements. His use of the property in such a manner was wholly inconsistent with the use of the roadway as a means of ingress and egress to the 15–acre tract. He expressly refused to allow others to use the roadway for vehicular access during that period. Indeed, there is no evidence that the roadway was used for any vehicular traffic after 1918 or 1919. We believe the evidence here clearly justified the conclusion that any easement acquired by the defendant's predecessors in title had been extinguished by the adverse possession of Kinniman Belcher.

Accordingly, and for the reasons stated herein, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

McGRAW, J., participated and concurred in this decision, but departed from the Court prior to the preparation of the opinion.

WORKMAN, J., did not participate in the consideration or decision of this case.